UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CUMMINS, | No. 2:17-cv-2575-EFB P |
| Petitioner, | |
| v. | ORDER |
| DEAN BORDERS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In addition to filing a habeas petition, he has filed a motion for leave to proceed *in forma pauperis*, a motion for the appointment of counsel, a "motion for abeyance with leave to amend," and a motion to seal the petition. ECF Nos. 2, 3, 4, 5.

Petitioner requests an order sealing his federal habeas petition (ECF No. 1) "because of the sensitive nature of these proceedings." ECF No. 5. Petitioner has not complied with the rules for submitting such a request and it must be denied.

Under Local Rule 141 the document for which sealing is sought should not be filed prior to a ruling on the request for a sealing order. This way, if the request is denied, the party has the option of having the document returned to him and not filed in the public record. In this case, petitioner did not follow the procedure detailed in Local Rule 141(b) and his petition has already been filed and placed into the public record. Accordingly, the Clerk of the Court will be directed

to strike the filing and remove it from the record. The court will now turn to the substance of petitioner's motion to seal.

Courts have recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.* 435 U.S. 589 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file a document under seal "bears the burden of overcoming this strong presumption by" articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id* (citations omitted).

Furthermore, the court's local rules provide that "[d]ocuments may be sealed only by written order of the Court, upon a showing required by applicable law." E.D. Cal. L.R. 141(a). A party seeking to file documents under seal must submit a Request to Seal Documents, which "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." E.D. Cal. L.R. 141(b).

Petitioner's request to seal is denied, as it fails to identify any authority, much less "compelling reasons," for the sealing of his petition. Accordingly, the Clerk of the Court shall return the petition to petitioner. E.D. Cal. L.R. 141(e)(1) ("If a Request is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied.").

Petitioner will be granted thirty days to file his habeas petition (or alternatively, a proper request to seal his petition that complies with the court's local rules). This action cannot move forward until it is properly commenced by the filing of a habeas petition.[1] *See* Rule 3 of the

---

[1] For this reason, the court defers ruling on petitioner's motion for leave to proceed *in forma pauperis*, motion for the appointment of counsel, and "motion for abeyance with leave to amend."

2

Rules Governing § 2254 Cases; *Woodford v. Garceau*, 538 U.S. 202, 203 (2003).  The court will not issue any orders granting or denying relief until an action has been properly commenced.  *See, e.g., Delarm v. McDonald*, No. Civ-S-11-0750 CKD P, 2011 WL 6012346, *2 n.6 (E.D. Cal. Dec. 1, 2011) ("filing a request for an extension of time to file a § 2254 habeas petition before the petition has actually been filed is not proper as there is no § 2254 action until the petition has been filed . . . .").

Accordingly, it is hereby ORDERED that:

1. The Clerk of the Court shall strike the petition at ECF No. 1 and remove it from the record.
2. Petitioner's motion to seal (ECF No. 5) is denied.
3. If petitioner wishes to proceed with this case, he must file his habeas petition (or alternatively, a proper request to seal his petition that complies with the court's local rules), within thirty days from the date of this order.  Failure to do so will result in this case being closed.

DATED: January 18, 2018.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE