UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CUMMINS,<br><br>    Petitioner,<br><br>v.<br><br>DEAN BORDERS,<br><br>    Respondent. | No. 2:17-cv-2575-KJM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 22, 2015 and in the Shasta County Superior Court, petitioner pled guilty to: (1) aggravated sexual assault of a child (Pen. Code § 269, subd. (a)(1)); and (2) oral copulation of a child under the age of 14 and more than 10 years younger than the perpetrator (Pen. Code, § 288a, subd. (c)(1)). The immediate habeas petition raises the following claims: (1) his trial counsel was ineffective in failing to advise petitioner of his trial rights; (2) the trial court violated petitioner's rights by denying him a speedy trial; (3) the Shasta County Jail violated petitioner's right of court access by failing to provide him with an acceptable law library; (4) the trial court erred in allowing the prosecutor to amend the Information even though it had failed to meet the requirements of Penal Code sections 1008 and

/////

/////

1

1009; (5) the trial court erred in denying his *Marsden*[1] motion; and (6) his appellate counsel was ineffective in failing to preserve issues for review on habeas corpus.

For the reasons stated below, the court recommends that this petition be denied in its entirety.

## BACKGROUND

The underlying facts of petitioner's crimes are not at issue in this petition. Suffice it to say, petitioner was accused of engaging in various sex acts with his stepdaughter over nearly a decade – beginning from the time that she was approximately four or five years old. Immediately before his trial was set to begin, he agreed to plead guilty to charges of aggravated sexual assault of a child and oral copulation of a child under the age of 14 and more than 10 years younger than the perpetrator. As a result of the plea, petitioner received a sentence of eighteen years to life.

## STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

I. Applicable Statutory Provisions

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d) constitutes a "constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus." *(Terry) Williams v. Taylor*, 529 U.S. 362, 412 (2000). It does not, however, "imply abandonment or abdication of judicial review," or

---

[1] In *People v. Marsden*, 2 Cal. 3d 118, (1970), the California Supreme Court held that an indigent criminal defendant may request that the trial court discharge appointed counsel and substitute new counsel if the defendant's right to counsel otherwise would be substantially impaired due to the inadequate representation of the original attorney.

2

"by definition preclude relief." *Miller El v. Cockrell*, 537 U.S. 322, 340 (2003). If either prong (d)(1) or (d)(2) is satisfied, the federal court may grant relief based on a de novo finding of constitutional error. *See Frantz v. Hazey*, 533 F.3d 724, 736 (9th Cir. 2008) (en banc).

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state law procedural principles to the contrary. *Id.* at 784-785 (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785.

A. "Clearly Established Federal Law"

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. *Lockyer v. Andrade*, 538 U.S. 63, 71 72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

B. "Contrary To" Or "Unreasonable Application Of" Clearly Established Federal Law

Section 2254(d)(1) applies to state court adjudications based on purely legal rulings and mixed questions of law and fact. *Davis v. Woodford*, 384 F.3d 628, 637 (9th Cir. 2003). The two clauses of § 2254(d)(1) create two distinct exceptions to AEDPA's limitation on relief. *Williams*, 529 U.S. at 404-05 (the "contrary to" and "unreasonable application" clauses of (d)(1) must be given independent effect, and create two categories of cases in which habeas relief remains available).

/////

1   A state court decision is "contrary to" clearly established federal law if the decision
2   "contradicts the governing law set forth in [the Supreme Court's] cases." *Id.* at 405. This
3   includes use of the wrong legal rule or analytical framework. "The addition, deletion, or
4   alteration of a factor in a test established by the Supreme Court also constitutes a failure to apply
5   controlling Supreme Court law under the 'contrary to' clause of the AEDPA." *Benn v. Lambert*,
6   283 F.3d 1040, 1051 n.5 (9th Cir. 2002). *See, e.g., Williams*, 529 U.S. at 391, 393 95 (Virginia
7   Supreme Court's ineffective assistance of counsel analysis "contrary to" *Strickland*[2] because it
8   added a third prong unauthorized by *Strickland*); *Crittenden v. Ayers*, 624 F.3d 943, 954 (9th Cir.
9   2010) (California Supreme Court's *Batson*[3] analysis "contrary to" federal law because it set a
10  higher bar for a prima facie case of discrimination than established in *Batson* itself); *Frantz*, 533
11  F.3d at 734 35 (Arizona court's application of harmless error rule to *Faretta*[4] violation was
12  contrary to U.S. Supreme Court holding that such error is structural). A state court also acts
13  contrary to clearly established federal law when it reaches a different result from a Supreme Court
14  case despite materially indistinguishable facts. *Williams*, 529 U.S. at 406, 412 13; *Ramdass v.*
15  *Angelone*, 530 U.S. 156, 165 66 (2000) (plurality op'n).
16      A state court decision "unreasonably applies" federal law "if the state court identifies the
17  correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the
18  particular state prisoner's case." *Williams*, 529 U.S. at 407 08. It is not enough that the state
19  court was incorrect in the view of the federal habeas court; the state court decision must be
20  objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 21 (2003). This does not mean,
21  however, that the § (d)(1) exception is limited to applications of federal law that "reasonable
22  jurists would all agree is unreasonable." *Williams*, 529 U.S. at 409 (rejecting Fourth Circuit's
23  overly restrictive interpretation of "unreasonable application" clause). State court decisions can
24  be objectively unreasonable when they interpret Supreme Court precedent too restrictively, when

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

[3] *Batson v. Kentucky*, 476 U.S. 79 (1986).

[4] *Faretta v. California*, 422 U.S. 806 (1975).

they fail to give appropriate consideration and weight to the full body of available evidence, and when they proceed on the basis of factual error. *See, e.g., Williams*, 529 U.S. at 397-98; *Wiggins*, 539 U.S. at 526 28 & 534; *Rompilla v. Beard*, 545 U.S. 374, 388 909 (2005); *Porter v. McCollum*, 558 U.S. 30, 42 (2009).

The "unreasonable application" clause permits habeas relief based on the application of a governing principle to a set of facts different from those of the case in which the principle was announced. *Lockyer*, 538 U.S. at 76. AEDPA does not require a nearly identical fact pattern before a legal rule must be applied. *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007). Even a general standard may be applied in an unreasonable manner. *Id.* In such cases, AEDPA deference does not apply to the federal court's adjudication of the claim. *Id.* at 948.

Review under § 2254(d) is limited to the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. *Id.* In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." *Id.* at 171.

Where the state court's adjudication is set forth in a reasoned opinion, § 2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." *Frantz*, 533 F.3d at 738 (emphasis in original). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In *Richter*, *supra*, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. *Richter*, 562 U.S. at 102.

C. "Unreasonable Determination Of The Facts"

Relief is also available under AEDPA where the state court predicated its adjudication of a claim on an unreasonable factual determination. Section 2254(d)(2). The statute explicitly limits this inquiry to the evidence that was before the state court.

Even factual determinations that are generally accorded heightened deference, such as credibility findings, are subject to scrutiny for objective reasonableness under § 2254(d)(2). For example, in *Miller El v. Dretke*, 545 U.S. 231 (2005), the Supreme Court ordered habeas relief

5

where the Texas court had based its denial of a *Batson* claim on a factual finding that the prosecutor's asserted race neutral reasons for striking African American jurors were true. *Miller El*, 545 U.S. at 240.

An unreasonable determination of facts exists where, among other circumstances, the state court made its findings according to a flawed process – for example, under an incorrect legal standard, or where necessary findings were not made at all, or where the state court failed to consider and weigh relevant evidence that was properly presented to it. *See Taylor v. Maddox*, 366 F.3d 992, 999 1001 (9th Cir.), *cert. denied*, 543 U.S. 1038 (2004). Moreover, if "a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in a 'unreasonable determination' of the facts" within the meaning of § 2254(d)(2). *Id.* at 1001; *accord Nunes v. Mueller*, 350 F.3d 1045, 1055 (9th Cir. 2003) (state court's factual findings must be deemed unreasonable under section 2254(d)(2) because "state court . . . refused Nunes an evidentiary hearing" and findings consequently "were made without . . . a hearing"), *cert. denied*, 543 U.S. 1038 (2004); *Killian v. Poole*, 282 F.3d 1204, 1208 (9th Cir. 2002) ("state courts could not have made a proper determination" of facts because state courts "refused Killian an evidentiary hearing on the matter"), *cert. denied*, 537 U.S. 1179 (2003).

A state court factual conclusion can also be substantively unreasonable where it is not fairly supported by the evidence presented in the state proceeding. *See, e.g., Wiggins*, 539 U.S. at 528 (state court's "clear factual error" regarding contents of social service records constitutes unreasonable determination of fact); *Green v. LaMarque*, 532 F.3d 1028 (9th Cir. 2008) (state court's finding that the prosecutor's strike was not racially motivated was unreasonable in light of the record before that court); *Bradley v. Duncan*, 315 F.3d 1091, 1096 98 (9th Cir. 2002) (state court unreasonably found that evidence of police entrapment was insufficient to require an entrapment instruction), *cert. denied*, 540 U.S. 963 (2003).

II.     The Relationship Of § 2254(d) To Final Merits Adjudication

To prevail in federal habeas proceedings, a petitioner must establish the applicability of one of the § 2254(d) exceptions and also must also affirmatively establish the constitutional

6

invalidity of his custody under pre AEDPA standards. *Frantz v. Hazey*, 533 F.3d 724 (9th Cir. 2008) (en banc). There is no single prescribed order in which these two inquiries must be conducted. *Id.* at 736 37. The AEDPA does not require the federal habeas court to adopt any one methodology. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

In many cases, § 2254(d) analysis and direct merits evaluation will substantially overlap. Accordingly, "[a] holding on habeas review that a state court error meets the ' 2254(d) standard will often simultaneously constitute a holding that the [substantive standard for habeas relief] is satisfied as well, so no second inquiry will be necessary." *Frantz*, 533 F.3d at 736. In such cases, relief may be granted without further proceedings. *See, e.g., Goldyn v. Hayes*, 444 F.3d 1062, 1070 71 (9th Cir. 2006) (finding § 2254(d)(1) unreasonableness in the state court's conclusion that the state had proved all elements of the crime, and granting petition); *Lewis v. Lewis*, 321 F.3d 824, 835 (9th Cir. 2003) (finding § 2254(d)(1) unreasonableness in the state court's failure to conduct a constitutionally sufficient inquiry into a defendant's jury selection challenge, and granting petition); *Williams v. Ryan*, 623 F.3d 1258 (9th Cir. 2010) (finding § 2254(d)(1) unreasonableness in the state court's refusal to consider drug addiction as a mitigating factor at capital sentencing, and granting penalty phase relief).

In other cases, a petitioner's entitlement to relief will turn on legal or factual questions beyond the scope of the § 2254(d) analysis. In such cases, the substantive claim(s) must be separately evaluated under a de novo standard. *Frantz*, 533 F.3d at 737. If the facts are in dispute or the existence of constitutional error depends on facts outside the existing record, an evidentiary hearing may be necessary. *Id.* at 745; *see also Earp*, 431 F.3d 1158 (remanding for evidentiary hearing after finding § 2254(d) satisfied).

## DISCUSSION

As an initial matter, respondent correctly points out that petitioner's guilty plea – assuming it was made voluntarily and intelligently with competent advice of counsel - generally forecloses habeas claims related to deprivations of rights that occurred prior to the entry of that plea. In *Tollett v. Henderson*, the Supreme Court held:

/////

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.[5]

411 U.S. 258, 267 (1973). Here, as addressed below, petitioner's plea was made voluntarily and intelligently. Consequently, his claims regarding his denial of a speedy trial, his denial of access to courts,[6] and the trial court's alleged error in allowing the prosecutor to amend the information are all barred by *Tollett*. *See*, *e.g.*, *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (defendant's guilty plea waived claims for violation of the Speedy Trial Act). The remaining claims, insofar as they involve both pre-plea ineffective assistance that allegedly precluded an intelligent plea and post-plea ineffective assistance on direct appeal, will be addressed with one exception. *See Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017) ("*Tollett*, properly understood, provides that although freestanding constitutional claims are unavailable to habeas petitioners who plead guilty, claims of pre-plea ineffective assistance of counsel are cognizable on federal habeas review when the action, or inaction, of counsel prevents petitioner from making an informed choice whether to plead."). Plaintiff's claim that his trial counsel "was ineffective in securing and protecting petitioner's right to a speedy trial" is, like his speedy trial claim itself, foreclosed by *Tollett*.

I. <u>Ineffective Assistance of Counsel</u>

As noted *supra*, petitioner raises two ineffective assistance of counsel claims – one with respect to his trial counsel and another regarding his appellate counsel. He alleges that his trial counsel did not properly advise him of his "trial rights." ECF No. 1 at 21. More specifically,

---

[5]*McMann v. Richardson*, 397 U.S. 759, 770 (1970).

[6] Petitioner's access to courts claim is bound together with his speedy trial claim insofar as he alleges that the jail's shortcomings in legal assistance and legal materials prevented him from challenging the trial court's denial of his motion to dismiss on speedy trial grounds. ECF No. 1 at 27.

8

petitioner claims that his trial counsel failed to: (1) be present during a settlement conference, which led to the prosecution adding ten years to the initial offer; (2) challenge counts against petitioner as ambiguous and multiplicitous; (3) investigate and, presumably, inform petitioner of possible defenses; (4) explain how the parole system works; (5) advise petitioner that a guilty plea would preclude an appeal of his speedy trial claim;[7] (6) object to the prosecution's "inadmissible bolstering that involved additional charges and legal issues"; and (7) conduct a pre-sentence investigation and present potential mitigating evidence. *Id.* at 21-23.

He claims that his appellate counsel was "ineffective in preserving issues to be brought up on habeas corpus claims by not including additional claims not making the augment (sic) or by filing a 'joint' petition for habeas corpus and appellate review first." *Id.* at 31.

Established Federal Law

The clearly established federal law governing ineffective assistance of counsel claims is that set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." *Id.* at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Id.* at 687-88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Richter*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687).

Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

---

[7] Unlike the speedy trial claims precluded by *Tollett*, this claim goes to the pre-plea effectiveness of counsel insofar as petitioner appears to allege that he would have declined the plea if he had known it would foreclose possible appeal of his speedy trial claim.

Trial Counsel

Petitioner raised the foregoing claims regarding his trial counsel on state collateral review. ECF No. 29-7 at 3-5. The superior court denied the claims in a reasoned decision.[8]

### A. Last Reasoned Decision

The superior court, in denying petitioner's claims, reasoned:

> A criminal defendant has the right to the assistance of counsel during all stages of a criminal proceeding, granted under both the Sixth Amendment to the United States Constitution and Article 1, section 15 of the California Constitution. Specifically, a defendant is entitled to the *effective* assistance of counsel. ". . . it entitles him to, "the reasonably competent assistance of an attorney acting as his diligent conscientious advocate" *United States v. De Coster* (1973) 487 F.2d 1197, 1202; *People v. Ledesma* (1987) 43 Cal. 3d 171, 215.
>
> "The representation afforded an accused will not be declared inadequate unless it is shown that his counsel displayed such a lack of good faith, diligence and competence as to reduce the proceedings to a 'farce or a sham' (Citations omitted)." *People v. Natividad*, supra, 222 CA2d at 441. It is Appellant's burden to demonstrate by a preponderance of the evidence that counsel's representation was so defective that he was effectively denied representation. To this point, Petitioner has provided no evidence by way of transcripts, declarations or any other reasonably available means. He has made assertions. His assertions of IAC are insufficient to meet his burden.
>
> To carry the burden he must prove first that his attorney's representation of him fell below an objective standard of reasonableness under prevailing norms. He must also affirmatively prove that he suffered prejudice, *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217, 218. Petitioner pled to the charges at his trial. More than sufficient time had passed for him to consider the charges, the peoples' offer, and the relative strengths of his defenses. He decided to enter a plea. He claims that he was 'bewildered and disheveled' when he entered his plea, and therefore, counsel was deficient. In any event, Petitioner benefitted by his plea agreement in that he faced considerably more time in prison had he been convicted. He is hard pressed now to establish prejudice, and has not.
>
> To establish prejudice, Appellant must prove that there is a reasonably probability that the outcome would have been different absent the claimed errors of his attorney. Generally, this requires proof that the Appellant suffered the withdrawal of a valid defense against the charges. However, if counsel's act or omission does not amount to the withdrawal of a defense, such as in the present case, Appellant must prove that his attorney failed to perform with

---

[8] The superior court noted that petitioner failed to assert the ineffective assistance claims regarding his trial counsel on direct appeal. ECF No. 29-9 at 61-62. It nevertheless went on to address the merits of the claims.

10

reasonable competence, and that it is reasonably probably that a determination more favorable to him would have resulted in the absence of his attorney's errors, *People v. Fosselman* (1983) 33 Cal.3d 572, 584. This he has failed to show.

The fatal flaw in Petitioner's assertions of IAC is that he fails to identify how, but for counsel's deficiencies, a different result was probable. Petitioner simply makes various assertions with the accompanying conclusory statement that he suffered prejudice.

Petitioner states in his facts supporting his IAC claim that counsel failed to advise his (sic) appropriately regarding his rights and that his advisement of rights is not legally binding because it is dated 2-29-14, "a date that does not exist." In context, it appears that he is challenging the advisement of rights at his initial arraignment which occurred February 25, 2014. Absent from his assertion is the fact that it was the Petitioner himself that signed *and dated* this document. The date is of no consequence, and at the time he signed and dated this form, counsel had yet to be appointed. Finally, it is the advisement of rights and an understanding of these rights at the time of his plea that would carry the weight here, and Petitioner makes airs (sic) no grievance with this advisement. The entire statement is deceptive, perhaps deliberately so.

Further supporting facts to his IAC claim center around counsel's failure to secure and protect his speedy trial rights. All extensions of time before trial are on the record, and were appealable, as previously noted. Petitioner fails to establish the legal error in any continuance, or how any of the delays caused the Petitioner to enter a plea.

Within the IAC grounds asserted, the Petitioner makes four separate allegations that fall within the attorneys' broad discretion to conduct the defense as that attorney best believes it should be presented. These assertions are that trial counsel failed to challenge counts in the Information, failure to investigate, failure to object to added charges or 'legal issues, and failure to do presentence investigation of mitigating evidence. He states no facts to support these claims, and they are conclusions. Petitioner's claims are conclusory and thus fail to state a prima facie claim for relief (*People v. Duvall* (1955) 9 Cal. 4th 464, 474; *In re Swain* (1940) 34 Cal. 2d 300, 304).

Next, within IAC grounds, Petitioner makes two assertions related to counsel's failure to advise him of collateral consequences of his plea. First, failure to describe how the Parole Board System works; and second, failure to advise him that his speedy trial claim could not be raised on appeal. The speedy trial issue, as previously stated, is baseless. As for the workings of the Parole Board, that was a collateral consequence of the plea and [did not] need to be fully described before a plea can be accepted, nor was it incumbent upon the defense attorney to advise him unless he inquired.

ECF No. 29-9 at 62-64. Petitioner raised these claims in a second habeas petition to the court of appeal (ECF No. 29-9 at 3-5), which was summarily denied. ECF No. 29-10 at 1. Petitioner

11

raised them again in a third petition to the California Supreme Court (ECF No. 29-11 at 5-9), which was also summarily denied. ECF No. 29-12 at 1.

B. Analysis

The Superior Court's denial of these IAC claims was reasonable. Petitioner bears the burden of establishing both of *Strickland*'s prongs, 466 U.S. at 697, but he offers only conclusory allegations which are insufficient to the task. He claims that his counsel failed to investigate and inform him of possible defenses, but fails to identify any relevant defenses which would have been plausibly applicable to the facts of his case. Similarly, he alleges that his counsel failed to conduct a pre-sentence investigation and present mitigating evidence, but he does not identify any mitigating evidence that might have been presented.

Petitioner states that his counsel failed to object to the prosecution's "inadmissible bolstering that involved additional charges and legal issues," but does not actually describe the substance of the additional charges or how he was actually prejudiced by the prosecution's "bolstering." His claim that his counsel was not present during a settlement conference is similarly devoid of factual context. Petitioner does not state when this meeting occurred, why a meeting between a defendant and prosecutors proceeded in the absence of his appointed counsel, or why he decided to accept an additional term of years if he felt that offer was unpalatable.

And, as the Superior Court reasonably determined, petitioner's plea was not rendered unintelligent by trial counsel's failure to "fully" explain California's parole process. The Ninth Circuit has held that an attorney's "[f]ailure to advise [a defendant] of a collateral penalty cannot be held to be below an objective standard of reasonableness." *Torrey v. Estelle*, 842 F.2d 234, 237 (9th Cir. 1988). In *Torrey*, the court noted that the potential eligibility for parole was a "collateral consequence" of the plea insofar as "the time of potential parole eligibility is not certain result of a guilty plea, but depends upon the defendant's conduct and is purely discretionary." *Id.* at 236. Moreover, in this case, petitioner has failed to identify what aspect of the state parole process he was ignorant of and how knowledge of the same would have changed his decision to plead.

/////

In sum, as the superior court previously found, petitioner's IAC claims regarding his trial counsel amount to little more than vague, unsupported conclusions. Based on the record before this court, that conclusion was reasonable. Consequently, the IAC of trial counsel claims must be denied.

Appellate Counsel

Petitioner raised this claim for the first time in a state habeas petition filed with the court of appeals. ECF No. 29-9 at 13. The court of appeals issued a summary denial of the petition. ECF No. 29-10. Petitioner raised the claim again in a habeas petition filed with the California Supreme Court. ECF No. 29-11 at 25. That petition was also summarily denied. ECF No. 29-12. Where a state court denies a petitioner's claim in an unreasoned decision, "[a] habeas court must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Richter*, 562 U.S. at 102; *see also Cullen v. Pinholster*, 563 U.S. 170, 188 (2011).

Here, the state court could have reasonably denied this claim because, as respondent points out, petitioner failed to allege what claims appellate counsel actually failed to raise and how those claims were likely to be meritorious. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

Thus, the state court's denial of this claim was reasonable.

II. Denial of Petitioner's *Marsden* Motion

Petitioner argues that the trial court abused its discretion when it denied his *Marsden* motion, thereby "causing [him] to proceed with unwanted defense counsel." ECF No. 1 at 29-30. Petitioner states that this caused him prejudice in some unspecified way. *Id.* at 30. The court recognizes respondent's argument that this claim is barred by *Tollett* insofar as "[t]here can be no meaningful argument that Petitioner was not aware of which counsel would represent him at trial by the time he pled guilty." ECF No. 27 at 22. Nevertheless, in the instant case petitioner has challenged his trial counsel's performance in connection with the plea. Compare *Wells v.*

*Prosper*, 2010 U.S. Dist. LEXIS 24345, 2010 WL 960062, at *5 (C.D. Cal. Feb. 3, 2010), report and recommendation adopted by 2010 U.S. Dist. LEXIS 24382, 2010 WL 960133 (C.D. Cal. Mar. 16, 2010) (claim based on pre-plea denial of *Marsden* motion is not cognizable ground for habeas relief under *Tollett* where petitioner did not challenge counsel's performance in connection with the plea). Thus, the court will dispose of this claim on its merits.

### Established Federal Law

The Sixth Amendment guarantees effective assistance of counsel; it does not guarantee a "meaningful relationship" between an accused and his attorney. *See Morris v. Slappy*, 461 U.S. 1, 14 (1983). "[I]n evaluating Sixth Amendment claims, the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such." *Wheat v. United States*, 486 U.S. 153, 159 (1988) (quoting *United States v. Cronic*, 466 U.S. 648, 657 n. 21 (1984)). Thus, "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant." *Id.*

As respondent correctly notes, the Supreme Court has never squarely addressed whether denial of a motion to substitute counsel can be unconstitutional. Thus, it has set forth no clear parameters or tests for determining as much.

### Analysis

This claim, like the ones addressed in the foregoing sections, is vague and conclusory. Petitioner identifies his trial counsel as "unwanted" but fails to explain the nature of the conflict between himself and his counsel. The Constitution does not guarantee an indigent defendant the attorney of his choice. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) ("[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them."). Thus, the mere fact that he did not "want" his counsel or that he desired another did not require the trial court to order a replacement. And though he claims to have been prejudiced by the denial of his *Marsden* motion, he has failed to identify the nature of the alleged prejudice. Thus, this claim fails.

/////

/////

## MISCELLANEOUS MOTIONS

After respondent filed his answer, petitioner filed two motions – one for an evidentiary hearing (ECF No. 31) and one to amend the petition (ECF No. 32). The court will deny the first and grant the second. Having determined that petition does not state a successful habeas claim, the court finds that an evidentiary hearing is unnecessary. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

Turning to the motion to amend, the court interprets it to be requesting only the addition of an exhibit to his petition, rather than to any additional claims. ECF No. 32 at 2. The court has reviewed the exhibit in question – an adverse state superior court ruling on petitioner's "motion for discovery of evidence." *Id.* at 3-9. This exhibit does nothing to convert petitioner's non-meritorious claims into successful ones. Nevertheless, insofar as petitioner desires that this document be considered part of his petition, the request is granted and the document has been considered.

## CONCLUSION

For all the reasons explained above, the state courts' denial of petitioner's claims was not objectively unreasonable within the meaning of 28 U.S.C. § 2254(d).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for independent review and judicial notice (ECF No. 26) is DENIED as moot;

2. Petitioner's motion for an evidentiary hearing (ECF No. 31) is DENIED; and

3. Petitioner's motion to amend (ECF No. 32) is GRANTED.

Further, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 20, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE